UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOFIA E. PEREZ,<br><br>         Plaintiff,<br><br>v.<br><br>GENERAL MOTORS LLC, a Delaware Limited Liability Company, and DOES 1 through 10, inclusive,<br><br>         Defendants. | Case No.: 3:19-cv-00038-L-NLS<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [Doc. 3]** |

In this action alleging violations of the California Song-Beverly Act and Fraudulent Inducement by Concealment, Defendant General Motors LLC ("Defendant") filed a motion to dismiss for failure to state a claim only as to the Fraudulent Inducement claim. Plaintiff Sofia E. Perez ("Plaintiff") opposed, and Defendant replied. The Court decides this matter on the briefs without oral argument. *See* Civ. L. R. 7.1.d.1. For the reasons stated below, Defendant's motion is granted with leave to amend.

**I. BACKGROUND**

On January 13, 2013, Plaintiff purchased a used 2011 Chevrolet Equinox ("Vehicle"). [ECF No. 1-1 ("Compl.") ¶ 8]. The Vehicle was covered by express and implied warranties but was delivered with serious defects and nonconformities ("Defects"). Compl. ¶ 9. Much of Plaintiff's complaint chronicles the Defects in detail. *See generally*

Compl. Plaintiff claims the Defendant was aware of the Defects before Plaintiff purchased the Vehicle. *Id.* ¶ 35. Plaintiff alleges she was not aware of the Defects until November 30, 2016. *Id.* ¶ 95.

Plaintiff filed this action in state court, and Defendant removed on January 7, 2019. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Defendant moves to dismiss Plaintiff's fraudulent inducement claim for three reasons: (1) the claim is time-barred, (2) the claim violates the economic loss rule, and (3) Plaintiff failed to sufficiently plead the elements of a fraud cause of action.

## II. LEGAL STANDARD

A motion under Rule 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted where the complaint lacks a cognizable legal theory. *Shroyer v. New Cingular Wireless Serv., Inc.,* 622 F.3d 1035, 1041 (9th Cir. 2010) (internal quotation marks and citation omitted). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 534 (9th Cir. 1984).

In reviewing a Rule 12(b)(6) motion, the Court must assume the truth of all factual allegations and construe them most favorably to the nonmoving party. *Huynh v. Chase Manhattan Bank,* 465 F.3d 992, 997, 999 n.3 (9th Cir. 2006). However, legal conclusions need not be taken as true merely because they are couched as factual allegations. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.,* 139 F.3d 696, 699 (9th Cir. 1998).

## III. DISCUSSION

**A. Whether Plaintiff's Fraudulent Inducement Claim is Time-Barred by the Applicable Statute of Limitations.**

Generally, a defendant cannot raise an affirmative defense using a Rule 12(b)(6). "A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable

statute of limitations only when the running of the statute is apparent on the face of the complaint." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (internal quotation marks and citation omitted). Dismissal "based on the running of the statute of limitations[] can be granted only if the assertions of the complaint, read with the required liberality, *would not permit* the plaintiff to prove that the statute [*had been*] *tolled.*" *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993) (emphasis added; internal quotes omitted).

A federal court sitting in a diversity case will apply state substantive law and federal procedural law. *Feldman v. Allstate Ins. Co.,* 322 F.3d 660, 666 (9th Cir. 2016) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)). Statutes of limitations are deemed substantive for *Erie* doctrine purposes, therefore, in diversity cases, federal courts apply the same statute of limitations as would be applied in a state court. *See Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 110, (1945) ("As to consequences that so intimately affect recovery or non-recovery a federal court in a diversity case should follow State law").

Under California law, "there is a three-year statute of limitations for '[a]n action for relief on the ground of fraud or mistake. The cause of action in that case is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake.'" *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.,* 552 F.3d 1049, 1055 (9th Cir. 2008) (quoting Cal. Civ. Proc. Code § 338(d)).

Here, Plaintiff purchased the Vehicle on January 13, 2013, which is when the alleged concealment occurred, but did not file her complaint until January 7, 2019. The running of the statute of limitations is therefore apparent on the face of the complaint. Plaintiff alleges her action is timely based on the discovery rule and fraudulent concealment.

**1. The Discovery Rule**

Generally, "a cause of action accrues at the time when the cause of action is complete with all of its elements." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 807 (2005) (internal quotation marks and citation omitted). "An important exception to the general

rule of accrual is the 'discovery rule,' which postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." *Id*. Discovery occurs when the plaintiff obtains knowledge of facts sufficient to make a reasonably prudent person suspicious of a wrongdoing. *Jolly v. Eli Lilly & Co.*, 44 Cal.3d 1103, 1111 (1988).

To apply the delayed discovery rule in cases which would otherwise be barred, a plaintiff "must specifically plead facts to show (1) the time and manner of discovery *and* (2) the inability to have made earlier discovery despite reasonable diligence." *Fox*, 35 Cal. 4th at 808. The plaintiff bears the burden of showing that reasonable diligence would not have led to an earlier discovery; "conclusory allegations will not withstand demurrer." *Id*. To adequately allege that the delayed discovery rule is applicable, "the plaintiff must plead that, despite diligent investigation of the circumstances of the injury, he or she could not have reasonably discovered facts supporting the cause of action within the applicable statute of limitations period." *Id*. at 809.

Plaintiff failed to sufficiently plead facts to allege the time and manner of discovery to satisfy the first requirement of the delayed discovery. Here, Plaintiff alleges the fraud was discovered on November 30, 2016, but Plaintiff does not allege the manner or circumstances surrounding her discovery. Compl. ¶ 95. Plaintiff contends that November 30, 2016, "was the first out-of-warranty repair and the earliest date that Plaintiff could have had any sort of notice of the facts which gave rise to Plaintiff's fraud causes of action." *Id*. However, Plaintiff does not allege facts surrounding the manner of discovery. Plaintiff's allegation is too general to glean what about the November 30, 2016 repair visit made her more aware of Defendant's fraudulent conduct then than earlier repair visits. As currently pled, the Complaint fails to demonstrate the manner in which the fraud was brought to Plaintiff's attention. Without such information, the Court cannot make a determination on whether the discovery rule applies here. Thus, Plaintiff must provide further, detailed allegations regarding the manner in which Defendant's alleged fraudulent conduct was discovered.

Plaintiff alleges several facts related to her inability to discover the fraud before November 30, 2016. The allegations simply are not particularized enough to be found as anything but general and conclusory. *See Denholm v. Houghton Mifflin Co.*, 912 F.2d 357, 362 (9th Cir. 1990) (citing *Orange Cty. Rock v. Cook Bros. Equip. Co.*, 246 Cal.App.2d 698, 703 (1966) ("Formal averments or general conclusions to the effect that the facts were not discovered until a stated date, and that the plaintiff could not reasonably have made an earlier discovery, are useless."); *Jackson v. Master Holding Corp.*, 16 Cal.2d 824, 828 (1940) ("[Where] there is no showing of any inquiry at all, and no explanation is offered for the failure to make it except the vague averment that the facts were 'concealed' . . .[t]he pleading simply fails to meet the minimum requirements of a complaint for fraud which is filed more than three years after its commission."). Plaintiff claims that "[n]o amount of diligence by Plaintiff could have led to the discovery of [the Defects] because they were kept secret by [Defendant] and, therefore, Plaintiff was not at fault for failing to discover [the Defects]." Compl. ¶ 98. Plaintiff alleges there were four sources through which Defendant learned of the Defects prior to 2010. *See* Compl. ¶ 35 (the four sources include pre-release testing data; early consumer complaints; tests conducted as a result of the consumer complaints; and data from Defendant's dealers, including high warranty reimbursement rates). Plaintiff alleges she had neither actual nor constructive knowledge of the Defects because Defendant "kept this information highly confidential." Compl. ¶ 99. Additionally, Plaintiff alleges that Defendant continuously withheld information regarding the defect and falsely assured Plaintiff that Defendant and its dealers would be able to repair any issues with the engine. Compl. ¶ 95. The allegations fail to reveal any efforts Plaintiff undertook to investigate the Defects beyond repair visits, which could raise suspicion of a larger issue upon repeated visits for the same defects. As such, the Court finds that Plaintiff failed to sufficiently plead facts related to her inability to discover the fraud before November 30, 2016.

Accordingly, for purposes of the discovery rule, Plaintiff has not sufficiently pleaded that the statute of limitations for her fraudulent inducement claim did not accrue until November 30, 2016.

**2. Fraudulent Concealment**

Additionally, Plaintiff contends the doctrine of fraudulent concealment tolled the statute of limitations for her action. "The doctrine of fraudulent concealment tolls the statute of limitations where a defendant, through deceptive conduct, has caused a claim to grow stale." *Aryeh v. Canon Bus. Solutions, Inc.*, 55 Cal.4th 1185, 1192 (2013). Tolling applies "only for that period during which the claim is undiscovered by plaintiff or until such time as plaintiff, by exercise of reasonable diligence, should have discovered it." *Bernson v. Browning-Ferris Indus.*, 7 Cal.4th 926, 931 (1994).

To toll the statute of limitations in cases of fraudulent concealment, a plaintiff's complaint must show: "(1) when the fraud was discovered; (2) the circumstances under which it was discovered; and (3) that the plaintiff was not at fault for failing to discover it or had no actual or presumptive knowledge of facts sufficient to put him on inquiry." *Baker v. Beech Aircraft Corp.*, 39 Cal. App. 3d 315, 321 (1974) (citing *Kimball v. Pacific Gas & Elec. Co.*, 220 Cal. 203, 215 (1934)). Like the discovery rule, fraudulent concealment requires a plaintiff to plead facts describing the manner or circumstances under which plaintiff discovered Defendant's fraud. As discussed above, Plaintiff failed to sufficiently allege the manner in which Defendant's fraud was discovered. At this point, application of the fraudulent concealment doctrine is, therefore, also inappropriate for Plaintiff's fraudulent inducement claim.

Plaintiff has not alleged how she discovered Defendant's alleged fraud or any of the circumstances surrounding her discovery. Plaintiff has therefore failed to allege tolling

of the statute of limitations.[1]  Accordingly, Defendant's motion to dismiss the fraudulent inducement by concealment claim is granted.[2]

### B. Leave to Amend

The Court next considers whether to grant leave to amend.  Plaintiff requested leave to amend "The court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The Court has "broad discretion in deciding whether to grant leave to amend and whether to dismiss an action with or without prejudice."  *WPP Lux. Gamma Three Sarl v. Spot Runner, Inc.*, 655 F.3d 1039, 1058 (9th Cir. 2011) (overruled in part by *Lorenzo v. SEC*, 139 S. Ct. 1094, 1100 (2019)).  "[C]ourts are only required to grant leave to amend if a complaint can possibly be saved."  *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th. Cir. 2000) (internal quotation marks and citations omitted).  The Court here finds that Plaintiff may be able to sufficiently allege tolling under the delayed discovery rule and fraudulent concealment doctrine through revision of the Complaint.  Thus, Plaintiff's request for leave to amend is granted.

### III. CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is GRANTED without prejudice.  Plaintiff's request for leave to amend is GRANTED.  Accordingly, Plaintiff shall amend her Complaint within 14 days of service of this order.

**IT IS SO ORDERED.**

Dated:  August 9, 2019

Hon. M. James Lorenz
United States District Judge

---

[1] Because Defendant's motion is granted on the ground that Plaintiff fails to allege that the statute of limitations did not accrue until November 30, 2016, the Court will not discuss equitable tolling and the *American Pipe* doctrine.

[2] The Court reserves discussion of the economic loss rule.